## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DEBRA WILCOX**                                              **CIVIL ACTION**

**VERSUS**                                                   **NO. 24-1236**

**WALMART, INC.**                                            **SECTION: "G"(2)**


## ORDER AND REASONS

Before the Court is Plaintiff Debra Wilcox's ("Plaintiff") Motion to Remand.[1] Plaintiff alleges that this matter should be remanded to state court because removal was improper.[2] Plaintiff argues that a pre-litigation settlement demand cannot trigger removal because it is not considered "other paper" under 28 U.S.C. § 1446(c).[3] In opposition, Defendant Walmart, Inc. ("Walmart") argues that Plaintiff's pre-suit settlement demand exceeded $75,000 and can be used as evidence of the amount in controversy.[4] For the reasons discussed in more detail below, Walmart has satisfied its burden of proving that the amount in controversy exceeds $75,000. Therefore, considering the motion, the opposition, the record, and the applicable law, the Court denies the motion.

---

[1] Rec. Doc. 7.

[2] *Id.*

[3] *Id.*

[4] Rec. Doc. 8.

## I. Background

On or about March 26, 2023, Plaintiff was a patron at the Walmart located at 4001 Behrman Place, New Orleans, Louisiana.[5] Plaintiff alleges that she slipped on an unknown slick substance on the floor, causing her to fall and suffer severe injuries.[6]

On March 11, 2024, Plaintiff filed a petition for damages against Walmart and ABC Insurance Company in the Civil District Court for the Parish of Orleans.[7] On May 14, 2024, Walmart removed the matter to this Court asserting subject matter jurisdiction under 28 U.S.C. § 1332.[8] Walmart attaches a settlement demand letter from Plaintiff's attorney in support of the removal as the basis for the amount in controversy, which valued Plaintiff's damages at $105,632.43.[9]

On June 20, 2024, Plaintiff filed the instant motion to remand.[10] On July 2, 2024, Walmart filed an opposition to the instant motion.

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion*

Plaintiff argues that the matter should be remanded to state court because removal was improper.[11] Plaintiff contends that (1) Walmart has not demonstrated that it is "facially apparent"

---

[5] Rec. Doc. 1-2 at 2.

[6] *Id.*

[7] Rec. Doc. 1-2.

[8] Rec. Doc. 1.

[9] Rec. Doc. 1-4.

[10] Rec. Doc. 7.

[11] Rec. Doc. 7-1 at 1.

from the petition that damages are likely to exceed $75,000; and (2) the confidential pre-litigation settlement demand does not trigger removal because it is not considered "other paper" under 28 U.S.C. § 1446(c).[12] Plaintiff avers that removal is premature and the case should be remanded to state court.[13]

Plaintiff argues that Walmart has not carried its burden for removal because removal cannot be based on conclusory allegations.[14] Plaintiff contends that Walmart cannot solely rely on Plaintiff's failure to stipulate that the amount in controversy is less than $75,000.[15] While Walmart relied on the pre-litigation settlement demand in support of removal, Plaintiff argues that the Fifth Circuit has held that 28 U.S.C. § 1446(b)(3) "requires that if an 'other paper' is to start the thirty-day period, a defendant must receive the 'other paper' after receiving the initial pleading."[16] Plaintiff avers that since the settlement demand was received before suit was filed, it is not considered an "other paper" that could trigger the 30-day period of 28 U.S.C. § 1446(b)(3).[17]

Plaintiff asserts that her motion to remand is timely under 28 U.S.C. § 1446(c) because thirty days have not lapsed since Defendant filed its Notice of Removal.[18]

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 3.

[15] *Id.*

[16] *Id.* at 4 (citing *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir. 1992)).

[17] *Id.* at 5.

[18] *Id.* at 6.

**B.**    ***Walmart's Arguments in Opposition to the Motion***

In opposition, Walmart argues that federal removal based on diversity jurisdiction only requires a showing that the amount in controversy *likely* exceeds $75,000.[19] Walmart contends that pre-suit settlement demands are permissible evidence when the demand honestly assesses a plaintiff's claim.[20] Walmart asserts that this Court and several other federal courts have found that pre-suit settlement demands established the amount in controversy.[21] Walmart states that Plaintiff does not make any argument that the pre-suit settlement demand is not an accurate reflection of Plaintiff's damages.[22] Walmart contends that Plaintiff's motion to remand should be denied.[23]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[24] A federal court has subject matter jurisdiction over an action "where the matter for controversy exceed the sum or value of $75,000" and the action "is between citizens of different states."[25] The removing party bears the burden of demonstrating that federal jurisdiction exists.[26]

---

[19] Rec. Doc. 8 at 2.

[20] *Id.* at 3.

[21] *Id.* at 3–4.

[22] *Id.* at 4.

[23] *Id.*

[24] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[25] 28 U.S.C. § 1332(a)(1).

[26] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

4

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)."[27] Since Louisiana law prohibits plaintiffs from specifying the numerical value of their damages, the removing party must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.[28] First, the district court inquires whether it is facially apparent that the claims are likely to exceed $75,000 and, if so, removal is proper.[29] When making the "facially apparent" determination, the correct procedure is to look exclusively at the face of the complaint and ask whether the amount in controversy is likely to exceed $75,000.[30] If it is not facially apparent that the claims are likely to exceed $75,000, "the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal."[31] Once the removing party makes this showing by a preponderance of the evidence, "removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount."[32]

---

[27] *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 882 (5th Cir.2000) (citing *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

[28] *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)); *Gebbia,* 233 F.3d at 882; *Allen,* 63 F.3d at 1335.

[29] *Manguno,* 276 F.3d at 723; *Allen,* 63 F.3d at 1335.

[30] *Allen,* 63 F.3d at 1336.

[31] *Id.; see also Manguno,* 276 F.3d at 723.

[32] *Fairchild v. State Farm Mut. Automobile Ins. Co.,* 907 F.Supp. 969, 970 (M.D.La. 1995) (citing *De Aguilar,* 47 F.3d at 1412).

## IV. Analysis

Plaintiff argues that this matter should be remanded to state court because the pre-litigation settlement demand cannot be used as evidence of the amount in controversy.[33] Walmart counters that jurisprudence has established that pre-litigation settlement demands can establish the amount in controversy if it is an accurate reflection of Plaintiff's damages.[34] The parties do not contest the complete diversity requirement, nor does Plaintiff argue that the amount in controversy is less than $75,000. In dispute is whether the pre-litigation settlement demand establishes the amount in controversy.

It is not "facially apparent" from Plaintiff's petition that the claims were likely to exceed $75,000. Since it is not "facially apparent", the Court must next consider whether Walmart has met its burden of proving, through summary judgment-type evidence, that the amount in controversy in this matter is likely to exceed the jurisdictional minimum.[35]

The Court finds that Plaintiff's pre-petition settlement demand letter is relevant evidence of the amount in controversy at the time of removal. Courts within the Fifth Circuit have routinely held that both pre- and post-complaint demand letters may be relied on as evidence to satisfy the amount-in-controversy requirement.[36] "Settlement demand letters evidence the amount in

---

[33] Rec. Doc. 7.

[34] Rec. Doc. 8.

[35] *Allen,* 63 F.3d at 1335.

[36] *See, e.g., Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (determining that "a post-complaint letter, which is not plainly a sham, may" be evidence of the amount in controversy for purposes of removal); *Lafayette City-Par. Consol. Gov't v. Chain Elec. Co.*, 2011 WL 4499589, at *6 (W.D. La. Sept. 23, 2011) ("It can be inferred from several Fifth Circuit cases that pre-petition settlement demand letters can be considered as relevant summary judgment-type evidence of the amount of controversy.").

controversy insofar as they represent a plaintiff's actual valuation of [her] claims."[37] Plaintiff here has not argued that the settlement demand was inflated or that it was not an honest assessment of damages. The fact that the settlement demand letter in this case extensively addresses Plaintiff's injuries, treatment, and medical expenses, with references to supporting documentation, leads the Court to conclude that it represents an honest assessment of Plaintiff's damages.[38]

Plaintiff's argument that the removal was premature is unfounded. A defendant must file a notice of removal (1) within 30 days after service of the initial petition or (2) if the case stated by the initial petition is not removable, within 30 days after receipt of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.[39] Defendant removed this case within 30 days of service of the initial petition because at that time Defendant already had the pre-petition settlement demand letter, which valued the case in excess of $75,000. Plaintiff has not demonstrated that the removal was improper under 28 U.S.C. § 1446.

The pre-petition settlement demand letter, viewed alongside allegations of serious injuries and damages, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff does not suggest that she would be able to show to a legal certainty that the recovery will not exceed the jurisdictional amount. As such, the Court must deny Plaintiff's motion.

---

[37] *Marullo v. Dollar Gen. Corp.*, 2014 WL 3587879, at *2 (E.D. La. July 21, 2014) (citing *Cole v. Knowledge Learning Corp.*, 2009 WL 1269591, at *4 (E.D. La. May 6, 2009), *aff'd*, 416 F. App'x 437 (5th Cir. 2011)).

[38] *Carver v. Wal-mart Stores Inc.*, No. 08–42, 2008 WL 2050987 (E.D. La. May 13, 2008).

[39] 28 U.S.C. § 1446(b)(1) and (3).

### V. Conclusion

For the reasons stated herein, the Court finds that Walmart has satisfied the burden of proving that this case is removable on the basis of diversity of citizenship under 28 U.S.C. §§ 1332, 1441, and 1446. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[40] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __1st__ day of August, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[40] Rec. Doc. 7.

8