UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBRA WILCOX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1236** |
| **WALMART, INC.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

In this litigation, Plaintiff Debra Wilcox ("Plaintiff") brings claims against Defendant Walmart, Inc.'s ("Walmart") for injuries she allegedly sustained due to a slip and fall accident at a Walmart store.[1] Before the Court is Walmart's Motion for Summary Judgment.[2] Walmart seeks summary judgment in its favor, arguing that Plaintiff cannot show that Walmart created the dangerous condition which led to Plaintiff's injuries, or that Walmart had either actual or constructive notice of the spill prior to Plaintiff's alleged fall.[3] In opposition, Plaintiff argues that circumstantial evidence, including Walmart's internal safety policies, lack of inspection logs, and surveillance footage, creates a genuine dispute of material fact. For the reasons discussed in more detail below, the Court finds that genuine issues remain in dispute. Therefore, considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

---

[1] Rec. Doc. 1-2.

[2] Rec. Doc. 25.

[3] *Id*.

1

## I. Background

On or about March 26, 2023, Plaintiff was a patron at the Walmart located at 4001 Behrman Place, New Orleans, Louisiana.[4] Plaintiff alleges that she slipped on an unknown slick substance on the floor, causing her to fall and suffer severe injuries.[5]

On March 11, 2024, Plaintiff filed a petition for damages against Walmart and ABC Insurance Company in the Civil District Court for the Parish of Orleans.[6] On May 14, 2024, Walmart removed the matter to this Court asserting subject matter jurisdiction under 28 U.S.C. § 1332.[7] Walmart attaches a settlement demand letter from Plaintiff's attorney in support of the removal as the basis for the amount in controversy, which valued Plaintiff's damages at $105,632.43.[8]

On June 3, 2025, Walmart filed the instant Motion for Summary Judgment.[9] On June 17, 2025, Plaintiff filed an opposition to the Motion for Summary Judgment.[10] On June 20, 2025, Walmart filed a reply in further support of the Motion for Summary Judgment.[11]

---

[4] Rec. Doc. 1-2 at 2.

[5] *Id.*

[6] Rec. Doc. 1-2.

[7] Rec. Doc. 1.

[8] Rec. Doc. 1-4.

[9] Rec. Doc. 25.

[10] Rec. Doc. 27.

[11] Rec. Doc. 28.

## II. Parties' Arguments

*A.    Walmart's Arguments in Support of the Motion*

Walmart contends that summary judgment is appropriate because Plaintiff is unable to satisfy the elements of Louisiana Revised Statute § 9:2800.6.[12] Specifically, Walmart claims Plaintiff cannot show that Walmart created the dangerous condition, the substance on the floor, which led to Plaintiff's injuries or had either actual or constructive notice of the spill prior to Plaintiff's alleged fall.[13]

First, Walmart claims Plaintiff has failed to produce any evidence that Walmart created the hazardous liquid spill.[14] In support, Walmart cites Plaintiff's deposition testimony, in which she admitted she does not know what the substance was, who placed it there, how long it had been on the floor, or whether any Walmart employee was aware of it.[15] Plaintiff also testified that she had no information suggesting a Walmart employee was responsible for the substance on the floor.[16] She offered no affirmative evidence indicating that a Walmart employee, rather than a customer, caused the spill.[17] Plaintiff further testified that she did not notice the clear substance until after

---

[12] Rec. Doc. 25-1 at 1–2.

[13] *Id*. at 6–10.

[14] *Id*. at 4–5.

[15] *Id*. at 3, 5.

[16] *Id*.

[17] *Id*. at 5.

her fall and believed she was the first person to walk through it.[18] She also stated that, had she looked down before the fall, she "imagines" she would have seen the substance.[19]

Second, Walmart argues Plaintiff has not met her burden of proving that Walmart had actual notice of the substance on the floor prior to her fall.[20] Walmart's store coach, Kenneth Wallace ("Mr. Wallace"), testified that he does not know how the substance came to be on the floor or how long it had been there.[21] Mr. Wallace also contends that no one reported the substance to Walmart associates before Plaintiff's fall.[22] According to Walmart, the surveillance footage from Walmart does not reveal how the substance was deposited, who was responsible, or how long it had been present prior to the fall, however, Walmart contends the footage does confirm that no Walmart associate was in the immediate vicinity at the time of the incident.[23]

Furthermore, Walmart asserts that Plaintiff has failed to establish constructive notice as required under Louisiana Revised Statute § 9:2800.6(C)(1).[24] Specifically, Walmart contends that Plaintiff's inability to demonstrate how long the substance was on the floor prior to the fall is dispositive and warrants dismissal as a matter of law.[25] Walmart maintains that merely showing

---

[18] *Id.* at 2.

[19] *Id.*

[20] *Id.* at 6.

[21] Exhibit B, Deposition of Kenneth Wallace at p. 18.

[22] Rec. Doc. 25-1 at 3, 5.

[23] *Id.*

[24] *Id.* at 10.

[25] *Id.*

4

the presence of a hazardous condition at the time of the incident is insufficient and that a plaintiff must also present evidence that the condition existed for some period of time before the fall.[26]

### B.     *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff argues that genuine issues of material fact preclude summary judgment, particularly as to whether Walmart presented an unreasonable risk of harm, whether Walmart had constructive notice of the hazardous condition, and whether it exercised reasonable care under Louisiana Revised Statute § 9.2800.6.[27]

First, Plaintiff asserts that the spill occurred in a high-traffic area near the front of the store, where customers frequently exit with shopping carts.[28] Plaintiff contends that this context supports a finding that the spill posed an unreasonable risk of harm and that Walmart had a heightened duty to monitor the area.[29] In support, Plaintiff cites the deposition testimony of store coach Kenneth Wallace, who acknowledged that the substance on the floor presented a slipping hazard.[30] Plaintiff argues that this admission, combined with the location of the spill, supports her claim that Walmart created or failed to remedy a dangerous condition, and the issue should be resolved by a jury.[31]

Second, Plaintiff argues that circumstantial evidence supports a reasonable inference of constructive notice.[32] She relies on the deposition testimony of Mr. Wallace, who stated that

---

[26] *Id*. at 8.

[27] Rec. Doc. 27 at 3.

[28] *Id.*

[29] *Id*. at 3–4.

[30] *Id.*

[31] *Id*. at 4.

[32] *Id*. at 5.

5

employees are required to conduct routine "safety sweeps" and that designated associates are responsible for monitoring the front end of the store.[33] According to Mr. Wallace, a safety sweep involves an associate using a dust mop to check high-traffic areas for slip, trip, or fall hazards, and he testified that such sweeps are conducted continuously throughout the day, with someone "always on the floor" performing them.[34] However, Plaintiff contends that the surveillance footage produced by Walmart contradicts this testimony, as it does not show any employee inspecting the area in question or performing a safety sweep with a dust mop prior to her fall.[35]

Third, Plaintiff argues that Walmart failed to produce any inspection logs or documentation verifying that safety checks were conducted in accordance with the store policies on the day of the incident.[36] Plaintiff relies again on the deposition testimony of Mr. Wallace to highlight that there is no evidence indicating when the area was last inspected.[37] Plaintiff asserts that this lack of documentation and failure to adhere to internal protocols creates a genuine issue of material fact as to whether Walmart exercised reasonable care and whether the spill existed long enough to have been discovered.[38] She maintains that constructive notice requires proof that the hazard existed for "some time" prior to the fall, and she asserts the issue of whether the spill was on the floor for a

---

[33] Rec. Doc. 25-3.

[34] *Id*.

[35] Rec. Doc. 27 at 7.

[36] *Id*.

[37] *Id*. at 8.

[38] *Id*. at 7–8.

6

sufficient time to trigger a duty to discover and remedy the hazard is a factual question for the jury.[39]

Finally, Plaintiff contends that Walmart failed to exercise reasonable care in a high-traffic area commonly referred to as "action alley," where the incident occurred.[40] She asserts that Walmart had a heightened duty to maintain safe conditions in this area, which is frequently traversed by customers and shopping carts.[41] Mr. Wallace testified that such areas are prioritized for safety and maintenance and are supposed to be inspected at least every two (2) hours.[42] Plaintiff argues that, given this policy and Walmart's inability to confirm whether the front end was inspected or cleaned on the date of the incident, Walmart failed to meet its duty of care.[43] Moreover, Plaintiff asserts that there is a factual dispute as to whether the spill existed long enough that, had Walmart exercised reasonable care, it would have been discovered and addressed.[44]

C.   *Walmart's Arguments in Further Support of the Motion*

In reply, Walmart reiterates that Plaintiff has failed to present either direct or circumstantial evidence establishing the duration of the hazardous condition or Walmart's actual or constructive knowledge of its existence.[45] Walmart argues that Plaintiff's reliance on internal policies and the absence of inspection logs does not satisfy the burden imposed by Louisiana Revised Statute

---

[39] *Id*. at 9–10.

[40] *Id*. at 11.

[41] *Id*.

[42] *Id*.

[43] *Id*.

[44] *Id*. at 12.

[45] Rec. Doc. 28 at 2.

§ 9:2800.6(B)(2), which requires affirmative evidence of the temporal element necessary to prove constructive notice.[46]

Walmart further contends Plaintiff's acknowledgement that the incident occurred in "action alley" supports its position that the hazard was not created by Walmart personnel.[47] Walmart points to surveillance footage showing multiple customers walking through the area without incident prior to Plaintiff's fall, arguing that this undermines any claim that the condition was long-standing or obvious.[48] Walmart emphasizes that neither Plaintiff nor any other witness has testified to the duration of the spill's presence, and thus no "positive showing" has been made to support a finding of constructive notice.[49]

Finally, Walmart argues that Plaintiff's inferences drawn from general store policies and employee responsibilities are speculative and insufficient under Louisiana law to defeat summary judgment.[50]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[51] To decide whether a genuine dispute as to any material fact exists, the court

---

[46] *Id*.

[47] *Id*.

[48] *Id*. at 3.

[49] *Id*. at 4.

[50] *Id*. at 5.

[51] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

considers "all evidence in the records but refrains from making creditability determinations or weighing the evidence."[52] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegation or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[53] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[54] The nonmoving party may not rest upon the pleadings.[55] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[56]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[57] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[58] If the moving party satisfies its initial burden, the burden shifts to

---

[52] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[53] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[54] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[55] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[56] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[57] *Celotex*, 477 U.S. at 323.

[58] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[59] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[60]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[61] Moreover, the nonmoving party may not rest upon mere allegation or denials in its pleadings.[62] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.

## IV. Analysis

Walmart argues that summary judgment is appropriate because Plaintiff has provided no evidence to show that Walmart created the dangerous condition that caused her injuries, or that Walmart had either actual or constructive notice of the condition prior to the fall. Therefore, Walmart contends that Plaintiff cannot satisfy the requirements of Louisiana Revised Statute § 9:2800.6. In response, Plaintiff argues that circumstantial evidence, specifically the store's safety policies, absence of inspection logs, surveillance footage, and testimony from Walmart's store coach, creates a disputed issue of fact as to whether Walmart is responsible for Plaintiff's injuries.

---

[59] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[60] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[61] *Little*, 37 F.3d at 1075 (internal citations omitted).

[62] *Morris*, 144 F.3d at 380.

Louisiana Revised Statute § 9:2800.6 provides the negligence standard for claims brought by an individual against a merchant for injuries sustained by a fall on store grounds. In pertinent part, it states:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[63]

To succeed on a merchant liability claim a plaintiff must prove all three elements set forth in the statute.[64] Therefore, even if Plaintiff prevails on the "risk of harm" and "reasonable care" elements, Plaintiff may not sustain a negligence cause of action unless she can also prove that the merchant created the dangerous condition that caused the injury or had either actual or constructive notice of the condition.[65]

Walmart, as the party seeking summary judgment, bears the initial burden of demonstrating the basis for the motion of summary judgment[66] either by "(1) submitting evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial,

---

[63] La. Rev. Stat. § 9:2800.6.

[64] *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084.

[65] *See id.*

[66] *Celotex*, 477 U.S. at 323.

11

demonstrating that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[67] In the instant motion, Walmart proceeds under the latter reasoning, arguing that Plaintiff cannot produce any evidence showing that Walmart created the hazardous condition or had actual or constructive knowledge of the spill.

Plaintiff concedes that she does not know how the substance came to be on the floor or how long it had been present.[68] Nevertheless, she contends that constructive notice may be inferred from circumstantial evidence, which includes Walmart's internal safety policies and the absence of evidence demonstrating compliance with those policies on the day of the incident.[69] In particular, Plaintiff points to the deposition testimony of Kenneth Wallace, a Walmart Store Coach, who stated that Walmart's maintenance staff is required to perform safety sweeps continuously and that inspections are expected every two hours in high-traffic areas, such as the "front end" and "action alley," where Plaintiff fell.[70]

Despite these stated policies, Walmart has not produced any inspection logs or documentation confirming that safety sweeps were conducted during the relevant time. Mr. Wallace testified that inspections are not logged, and he was unable to identify any employee who had inspected the area on the date of the incident.[71]

---

[67] *Duplantis*, 948 F.2d at 190 (quoting *Little*, 939 F.2d at 1299).

[68] Rec. Doc. 25-2 at 37–42.

[69] Rec. Doc. 27 at 5–6.

[70] Rec. Doc. 25-3 at 32–34.

[71] *Id.* at 23.

Plaintiff further argues that surveillance video submitted by Walmart shows no employee inspecting or cleaning the area for a significant amount of time prior to the fall. While the video does not establish how long the substance was present, it does reflect a lack of visible maintenance activity in the hour preceding Plaintiff's fall. This lack of monitoring supports a reasonable inference that the substance existed for a sufficient period of time to place Walmart on constructive notice.

Under *White v. Wal-Mart* Stores, constructive notice cannot be presumed and must be proven with "positive evidence" that the condition existed for "some period of time" prior to the accident.[72] However, Louisiana courts have recognized that circumstantial evidence may be sufficient to create a triable issue of fact as to constructive notice.[73]

Here, Plaintiff has presented circumstantial evidence suggesting that Walmart failed to inspect or maintain a high-traffic area in accordance with its own safety procedures. Mr. Wallace's inability to confirm whether the area was inspected, combined with the absence of inspection records and the lack of employee presence on the video footage, raises a factual dispute as to whether Walmart exercised reasonable care.

While Walmart contends that the absence of direct evidence regarding the duration the substance was on the floor is dispositive, Plaintiff has pointed to facts from which a jury could reasonably infer constructive notice, particularly the store's failure to follow its own procedures in a busy area where spills are reasonably foreseeable. Given that genuine issues remain in dispute

---

[72] *White v. Walmart Stores, Inc.*, 699 So. 2d at 1084 (La. 1997).

[73] *Courville v. Target Corp.*, 232 F. App'x 389, 391 (5th Cir. 2007) (holding that summary judgment was inappropriate where the plaintiff slipped on a clear liquid in a high-traffic area and the defendant could not confirm whether timely inspections had occurred).

regarding the duration of the hazard and whether Walmart's inspection procedures were followed, summary judgment is inappropriate.

## V. Conclusion

For the reasons stated herein, the Court finds that genuine issues are in dispute regarding constructive notice and summary judgment is inappropriate. Accordingly,

**IT IS HEREBY ORDERED** that Walmart's Motion for Summary Judgment[74] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 25th day of July, 2025.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **UNITED STATES DISTRICT JUDGE**

---

[74] Rec. Doc. 25.